UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAN MAY YEN,<br><br>                Plaintiff,<br><br>    v.<br><br>KO CHEUK YIN,<br><br>                Defendant. | CASE NO. 2:24-cv-01565-BAT<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DKT. 24** |

**INTRODUCTON**

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. Dkt. 24. The motion was noted for December 20, 2024 as ready for the Court's consideration and is accordingly ripe for review. *Id.* The Court having considered the parties' pleadings, and the balance of the record **DENIES** the motion to dismiss for lack of personal jurisdiction because Defendant submitted a DMCA counter-notification to Amazon regarding Plaintiff's claim of copyright infringement and thus consented to the jurisdiction of this Court.

This case involves Plaintiff's lawsuit against Defendant for the "unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted work, titled 'Excel Shortcut Keys Mouse Pad – Extended Large XL Cheat Sheet Gaming Mousepad' (the 'Work')." Plaintiff claims sole ownership of the copyright of the Work, registered with the United States

1   Copyright Office on June 30, 2024, under Registration No. VA0002411555. *Id.* at 4.

2       Plaintiff is a resident of Malaysia, doing business as Glittery Craft, a Hong Kong
3   corporation, and which is registered to do business through an Amazon store. Dkt. 5 at 3.
4   Defendant resides, conducts business in Dongguan, Guangdong, China, and operates an Amazon
5   store registered to his business. *Id.* Defendant avers he has no physical presence in Washington
6   State, does not specifically target customers in Washington State, and the Court should thus
7   dismiss the case for lack of personal jurisdiction. Dkt. 24 at 3, Declaration of Ko Cheuk Yin.

8       In response, Plaintiff argues Defendant consented to the jurisdiction of this Court because
9   Defendant filed a Counter-Notification with Amazon under the Digital Millenium Copyright Act
10  (DMCA) in which Defendant explicitly consented to any judicial district in which Amazon
11  operates. Dkt. 25 at 1. In support, Plaintiff attached the DMCA Counter-Notice that Defendant
12  submitted in response to Plaintiff's complaint to Amazon that Defendant had infringed upon
13  Plaintiff's rights regarding "ASIN: B0D14B9C6V Title: Excel Shortcuts Mouse Pad, 31.5" x
14  11.8" Keyboard Shortcut Mousepad, XL Extended Office Desk Mat, Excel Cheat Sheet Mat,
15  Stitched Edges, Non-Slip Base Keyboard Mats, Employee Appreciation Gifts." Dkt. 25, Exhibit
16  A. Plaintiff also alleged Defendant consented to this Court's jurisdiction in its Complaint. *See*
17  Dkt. 5 at 2 ("the defendant has consented to jurisdiction in any judicial district where Amazon
18  may be found.").

19  **DISCUSSION**

20      Defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil
21  Procedure ("Rule") 12(b)(2). The Court has reviewed the parties' pleadings, declarations, and
22  documentary evidence, and finds Plaintiff has met its burden of making a *prima facie* showing

1 the Court has personal jurisdiction over Defendant.[1] The Court must accept uncontested

2 allegations contained in the complaint [2] and any conflicts between sworn statements must be

3 resolved in favor of the plaintiff. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d

4 586, 588 (9th Cir. 1996).

5 Plaintiff's complaint alleges the Court has personal jurisdiction over Defendant because

6 Defendant filed a DMCA counter-notice with Amazon in response to the report Plaintiff

7 submitted to Amazon alleging Defendant infringed upon Plaintiff's copyrighted mousepad—the

8 Work. Dkt. 5 (complaint and Exhibit in support). In response to Defendant's motion to dismiss

9 for lack of jurisdiction, Plaintiff reasserts this Court possesses jurisdiction over Defendant

10 because Defendant consented the Court's jurisdiction by filing the DMCA counter-notice with

11 Amazon. Dkt. 25.

12 Defendant does not contest it filed a DMCA counter-notice to Plaintiff's report to

13 Amazon that Defendant had infringed upon the Work over which Plaintiff claims copyright

14 protection. The Court thus finds Defendant did file the DMCA counter-notice, just as Plaintiff

15 claims and has shown through the exhibits Plaintiff submitted.

16 However, Defendant argues the Court lacks jurisdiction because Defendant resides in

17 China, has no residence or physical presence in Washington State, and had no "direct

18 communications or transactions aimed specifically at residents of Washington." (Motion to

19 Dismiss) Dkt. 24 at 2.

20 Defendant's argument fails to appreciate the impact of the DMCA counter-notice it filed.

21 Under 17 U.S.C. § 512(g)(3)(D), when Defendant filed its DMCA counter-notification,

---

[1] *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) and *Data Disc., Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 n. 8 (9th Cir. 1977).

[2] *See Corker v. Costco Wholesale Corp.*, 585 F. Supp. 3d 1284, 1289 (W.D. Wash. 2022).

1  Defendant was required to provide a statement that it consents to the jurisdiction of the Federal
2  District Court for the judicial district in which the address is located, or if Defendant's address is
3  outside of the United States, for any judicial district in which, Amazon, the service provider may
4  be found, and that Defendant will accept service of process from the person who provided
5  notification under subsection (c)(1)(C) or an agent of such person.

6         Thus, under the DMCA, when a service provider such as Amazon removes allegedly
7  copyright-infringing material from its service platform, the alleged infringer has the right to issue
8  a counter-notification to reinstate their product to the platform, provided that the alleged
9  infringer consents to the jurisdiction of the federal court in the judicial district where the service
10 provider is located. *See e.g., Nexon Korea Corporation v. Ironmace Co. Ltd,* No. 23-576-TL,
11 2023 WL 5305996 at * 3 (W.D. Wash. Aug. 17, 2023) ("Ironmace submitted a DMCA counter-
12 notification to Valve and consequently consented to the jurisdiction of the Western District of
13 Washington, where Valve's headquarters are located."); *Epic Games, Inc. v. Mendes,* 2018 WL
14 2926086 at * 5 (N.D. Cal. June 12, 2018) ("The court has personal jurisdiction over Mr. Rak
15 because he submitted a DMCA counter-notification in which he expressly stated that he
16 "consent[s] to the jurisdiction of the Federal District Court for the district in which my address is
17 located, or if my address is outside of the United States, the judicial district in which YouTube is
18 located[.]").
19        Here, Defendant filed a DMCA counter-notification to Plaintiff's report to Amazon of a
20 copyright violation that contains the mandatory language contained in 17 U.S.C. § 512(g)(3)(D),
21 i.e., that if Defendant's address is outside of the United States, Defendant consents to the
22 jurisdiction in any judicial district in which Amazon may be found.
23

The Court accordingly finds the DMCA counter-notification that Defendant filed dispositively establishes the Court possesses jurisdiction over Defendant and accordingly **ORDERS**: Defendant's motion to dismiss for lack of jurisdiction is **DENIED**. Dkt. 24.

DATED this 23rd day of December, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge