UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAN MAY YEN,

                Plaintiff,

      v.

KO CHEUK YIN,

                Defendant.

CASE NO. 2:24-cv-01565-BAT

**ORDER STRIKING DEFENDANT'S MOTION IN LIMINE, DKT. 100, WITH LEAVE TO REFILE AND DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT, DKT. 101**

Defendant moves in limine, **Dkt. 100**, to exclude certain evidence but has violated Local Civil Rule 7(d)(5) in doing so:

> **Any motion in limine** must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve which matters really are in dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in LCR 11 of these rules.

LCR 7(d)(5) (emphasis added). Defendant concedes that no attempt was made to confer with plaintiff before filing this motion but incorrectly argues that LCR 7(d)(5) does not apply to motions in limine. Dkt. 106, at 2. The Court directs defendant to re-read the text of Local Civil Rule 7(d)(5). Compliance to LCR 7(d)(5) is mandatory, not optional, and failure of a party to

ORDER STRIKING DEFENDANT'S
MOTION IN LIMINE, DKT. 100, WITH
LEAVE TO REFILE AND DENYING
PLAINTIFF'S MOTION TO FILE AN
AMENDED COMPLAINT, DKT.  101 - 1

comply with this rule allows for legal and monetary sanctions up to and including judgment to be entered against him or her on those issues or the entire case. LCR 7(d)(5), 11(c).

The Court **STRIKES** defendant's motion in limine, Dkt. 100, with leave to refile once the parties have met and conferred in an attempt to resolve these issues. The deadline for motions in limine remains March 27, 2026, and such motions must be noted for consideration no later than 14 days after filing. Dkt. 89. The Court rejects defendant's position that such conferral is futile, particularly in light of this and recent orders, as well as the parties' understanding that having exchanged pretrial statements, they must now confer and submit an agreed LCR 16.1 pretrial order by April 10, 2026. *See* LCR 16(k), 16.1; Dkt. 18, at 2.

Plaintiff also moves for leave to file an amended complaint over a year past the February 2025 deadline for doing so in order to assert a claim regarding a modified form of the mousepad that plaintiff successfully sought to have excluded from the current case. Dkt. 101; *see* Dkts. 98, 99. Plaintiff has shown neither diligence nor good faith in seeking to amend a complaint filed in September 2024. The Court **DENIES** plaintiff's motion for leave to file an amended complaint. **Dkt. 101**.

DATED this 19th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER STRIKING DEFENDANT'S
MOTION IN LIMINE, DKT. 100, WITH
LEAVE TO REFILE AND DENYING
PLAINTIFF'S MOTION TO FILE AN
AMENDED COMPLAINT, DKT.  101 - 2